# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY McGUIRE (#129888)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ROBERT BUTLER, ET AL.** | **NO. 14-0393-SDD-RLB** |

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in Baton Rouge, Louisiana, on December 22, 2014.

                                 **RICHARD L. BOURGEOIS, JR.**
                                 **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LARRY McGUIRE (#129888)**                                  **CIVIL ACTION**

**VERSUS**

**ROBERT BUTLER, ET AL.**                                      **NO. 14-0393-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Ass't Warden Robert Butler, Col. Chad Darbonne, Capt. Mark Allen and Ass't Warden Kevin Benjamin, complaining that his constitutional rights have been violated by the working conditions to which he has been subjected at LSP.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a

claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that commencing in August, 2013, he has been subjected to working conditions that he believes to be unconstitutional. Specifically, he alleges that every workday morning, he is transported on a bus with other inmates to a dilapidated building where the inmates retrieve equipment, consisting of weed-eaters, gasoline cans, oil, etc. The plaintiff complains that the transport vehicle is unsafe, "with faulty unconventional air brakes, in which the pressure for the brakes builds by letting the motor run a few minutes before useage or by revving the engine." In addition, the plaintiff complains that the building where the equipment is stored is "condemned," is infested with rodents and bacteria, and has "large caved in holes in the roof." Finally, the plaintiff complains that at around 9:30 every morning, food trays are brought to the inmates at their various work sites on a flat bed truck (that is also used to transport trash), and the plaintiff is then required to eat his meal on the bus without an opportunity to wash his hands. While doing so, he is allegedly subjected to the smell of oil and gasoline, to the smell of the sweaty clothes and boots of co-inmates, and to gnats and flies from the jobsite. The plaintiff asserts that this is unsanitary and also that the presence of oil, gasoline and weed-eaters in the bus creates a "grave danger in the event of an accident."

The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the

Constitution or laws of the United States. Specifically, the Court finds that the plaintiff has failed to allege conditions that are sufficiently serious to rise to the level of a constitutional violation. In this regard, it is well-settled that the prohibition against cruel and unusual punishment in the United States Constitution requires only that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *See Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, there is the objective requirement that the prison official's act or omission must result in a deprivation that is sufficiently serious, such that it results in the denial of "the minimal civilized measure of life's necessities," *id.,* or denies the prisoner some basic human need. *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Second, under a subjective standard, the Court must determine that the prison official responsible for the deprivation has been "'deliberately indifferent' to inmate health or safety." *Farmer v. Brennan, supra*, 511 U.S. at 834. To be found to have been deliberately indifferent, a prison official must be found to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and the official must also be found to have drawn the inference. *Id.* at 837.

In the instant case, the plaintiff has failed to allege facts suggesting that he has been subjected to conditions amounting to a deprivation of a basic human need or to a deprivation of life's necessities so as to state an Eighth Amendment violation. Whereas the requirement that he eat his morning meal in a sweaty condition with dirty hands and in a bus smelling of gas-powered equipment and of other inmates may result in an unpleasant dining experience, these

conditions do not rise to the level of cruel and unusual punishment. Nor does the alleged dilapidated nature of the transport vehicle or storage building present an apparent substantial risk of serious danger to the plaintiff's safety that prison officials are aware of and have ignored. The plaintiff does not allege that the referenced transport vehicle has been involved in any accident or that the condition of its brakes has prevented the vehicle from stopping at any time when required. Nor does the plaintiff allege that prison officials have operated the vehicle in an unsafe or reckless manner, without regard for the safety of the inmates riding therein. Further, he does not allege that he spends a substantial period of time in either the vehicle or in the referenced storage building, other than to travel from LSP to various jobsites, to retrieve his tools in the morning and, presumably, to store his tools at the end of the workday. He thus fails to present facts suggesting that the condition of the vehicle or building has presented a risk of harm that is sufficiently serious to require intervention by the Court or that is objectively apparent to prison officials and has been ignored. Finally, whereas the plaintiff complains that the presence of weed-eaters on the transport vehicle and gasoline cans (allegedly two 5-gallon cans and two 2½-gallon cans) presents a potentially "grave danger in the event of an accident," the Court is unwilling to conclude that this theoretical danger is sufficiently serious to warrant intervention by the Court in the day-to-day operations of the prison. *Cf., Mercadel v. Corrections Corporation of America*, 2009 WL 1658027 (W.D. La. June 12, 2009) (dismissing as frivolous an inmate's claim of injury resulting from being required to ride to a jobsite on a flat-bed truck with gasoline cans and gas-powered equipment and without protective railings). In the absence of any suggestion by the plaintiff that any harm or injury has in fact befallen any inmate at LSP because of the manner in which the inmates are transported to and from their duties, there is no basis for a finding that any defendant has been deliberately indifferent to a substantial risk of serious injury to the plaintiff as a result thereof. Accordingly, the plaintiff will be unable to recover in

connection with his claim of deliberate indifference, and the defendants are entitled to judgment as a matter of law in connection with this claim

Further, even were the Court to find that the plaintiff has sufficiently alleged a potential Eighth Amendment violation relative to this claim, the Court would still be compelled to recommend dismissal. Pursuant to 42 U.S.C. § 1997e(e), in order for an inmate to recover damages for mental or emotional injury, he must show that he has suffered an actual physical injury. *See Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003). In the instant case, the plaintiff has made no attempt to assert that he has suffered any physical injury or harm as a result of the conditions to which he has been subjected. Accordingly, there is no basis for the imposition of liability against the defendants in connection with this claim, and this action should be dismissed as legally frivolous.

Finally, the Court notes that the plaintiff has included a request for preliminary injunctive relief (R. Doc. 2), seeking an order compelling the defendants to desist from subjecting him to the alleged "unsafe and unsanitary condictions [sic]" and to desist from serving him meals "outside of the proper dining hall." However, in order to obtain injunctive relief, a prisoner plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

As discussed above, and applying the foregoing standard, it is clear that the plaintiff is not entitled to injunctive relief in this case. Specifically, he has not alleged or shown, with any

degree of specificity, that the defendants have subjected him to conditions rising to the level of a constitutional violation in the form of deliberate indifference to a substantial risk of serious harm to his health or safety. Accordingly, the plaintiff has failed to establish, in the first instance, that there is a substantial likelihood that he will suffer irreparable harm if injunctive relief is not granted. Having failed to establish this essential component of a claim for injunctive relief, the plaintiff has failed to show that such relief is warranted in this case. Accordingly, the plaintiff's request for such relief should be denied.

## RECOMMENDATION

It is recommended that the plaintiff's request for injunctive relief (R. Doc. 2) be denied and that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on December 22, 2014.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

1. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."